UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

NEVADA PROPERTY 1,

    Plaintiff(s),

v.

KIWIBANK LIMITED, et al.,

    Defendant(s).

Case No.: 2:19-cv-01121-APG-NJK

**ORDER**

(Docket No. 23)

Pending before the Court is Defendant Kiwibank's motion to stay discovery. Docket No. 23. The Court has considered Defendant's motion, Plaintiff's response, and Defendant's reply. Docket Nos. 23, 30, 32. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons stated below, the motion is **GRANTED**.

Courts have broad discretion to control discovery. *See, e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011). Rule 1's objectives—to ensure a "just, speedy, and inexpensive determination" of each case—guide the Court when considering whether to stay discovery.

Motions to stay discovery pending resolution of a motion may be granted when: (1) the pending motion is potentially dispositive; (2) the pending motion can be decided without more discovery; and (3) the Court has taken a "preliminary peek" at the merits of the pending motion to evaluate the likelihood of dismissal. *See Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581

(D. Nev. 2013).  The moving party has the burden to show that discovery should be stayed.  *See Kabo Tools Co. v. Porauto Indus. Co.*, 2013 WL 5947138, at *1 (D. Nev. Oct. 31, 2013).

Defendant moves to dismiss for lack of personal jurisdiction.[1]  Docket No. 4.  Often, a motion that challenges personal jurisdiction "strongly favors a stay, or at a minimum, limitations on discovery until the question of jurisdiction is resolved" because the motion presents a "critical preliminary question."  *Hologram USA, Inc. v. Pulse Evolution Corp.*, 2015 WL 1600768, at *1 (D. Nev. Apr. 8, 2015) (collecting cases).  In determining whether a stay is appropriate, the Court is mindful that how it sees "the jurisdictional picture may be very different from how the assigned district judge will see the jurisdictional picture."  *Id.* at *2 (citation omitted).  Still, a motion to dismiss for lack of personal jurisdiction does not mandate a stay of discovery, and the Court retains discretion to require discovery to go forward.  *Kabo Tools*, 2013 WL 5947138, at *2.

Applying these standards to Defendant's personal-jurisdiction challenge, the Court finds that sufficient cause exists to **GRANT** Defendant's motion to stay discovery pending disposition of its motion to dismiss.  Docket No. 23.[2]  In the event resolution of the motion to dismiss does not result in the dismissal of this Defendant, the parties shall file a proposed joint discovery plan no later than 14 days after entry of the order resolving the motion to dismiss.

IT IS SO ORDERED.

Dated: September 17, 2019

  
Nancy J. Koppe  
United States Magistrate Judge

---

[1] Defendant supplemented its motion to dismiss to also argue defective service of process.  Docket No. 22.  Plaintiff moved to strike the supplement.  Docket No. 29.  The outcome of that motion is still pending.

[2] Because the Court finds a stay of discovery appropriate based on the personal jurisdiction challenge, the Court does not address the other grounds for dismissal raised by Defendant.