1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

10

11  NEVADA PROPERTY 1, LLC,

12  Plaintiff(s),

Case No.: 2:19-cv-01121-APG-NJK

13  v.

**ORDER**

14  KIWIBANK LIMITED, et al.,

15  Defendant(s).

16      Pending before the Court is a Stipulated Protective Order, which the Court approved to

17  facilitate discovery in this case.  This order reminds counsel that there is a presumption of public

18  access to judicial files and records.  A party seeking to file a confidential document under seal

19  must file a motion to seal and must comply with the Ninth Circuit's directives in *Kamakana v. City*

20  *and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).

21      The Court has adopted electronic filing procedures.  Attorneys must file documents under

22  seal using the Court's electronic filing procedures.  *See* Local Rule IA 10-5.  Papers filed with the

23  Court under seal must be accompanied with a concurrently-filed motion for leave to file those

24  documents under seal.  *See* Local Rule IA 10-5(a).

25      The Court has approved the blanket protective order to facilitate discovery exchanges.  But

26  **there has been no showing, and the Court has not found, that any specific documents are**

27  **secret or confidential**.  The parties have not provided specific facts supported by declarations or

28  concrete examples to establish that a protective order is required to protect any specific trade secret

or other confidential information pursuant to Rule 26(c) or that disclosure would cause an identifiable and significant harm. The Ninth Circuit has held that there is a presumption of public access to judicial files and records, and that parties seeking to maintain the confidentiality of documents attached to nondispositive motions must show good cause exists to overcome the presumption of public access. *See Kamakana* 447 F.3d at 1179. Parties seeking to maintain the secrecy of documents attached to dispositive motions must show compelling reasons sufficient to overcome the presumption of public access. *Id.* at 1180. **All motions to seal must address the applicable standard and explain why that standard has been met**. The fact that a court has entered a blanket stipulated protective order and that a party has designated a document as confidential pursuant to that protective order does not, standing alone, establish sufficient grounds to seal a filed document. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003); *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

If the sole ground for a motion to seal is that the opposing party (or non-party) has designated a document as confidential, the designator shall file (within seven days of the filing of the motion to seal) either (1) a declaration establishing sufficient justification for sealing each document at issue or (2) a notice of withdrawal of the designation(s) and consent to unsealing. If neither filing is made, the Court may order the document(s) unsealed without further notice.

**IT IS ORDERED** that counsel shall comply with the requirements of Local Rule IA 10-5, the Ninth Circuit's decision in *Kamakana,* 447 F.3d 1172, and the procedures outlined above, with respect to any documents filed under seal. To the extent any aspect of the stipulated protective order may conflict with this order or Local Rule IA 10-5, that aspect of the stipulated protective order is hereby superseded with this order.

IT IS SO ORDERED.

Dated: April 24, 2020

_____
Nancy J. Koppe
United States Magistrate Judge

2