**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

NEVADA PROPERTY 1, LLC,

    Plaintiff

v.

KIWIBANK LIMITED, et al.,

    Defendants

Case No.: 2:19-cv-01121-APG-NJK

**Order (1) Granting Motion for Default Judgment and (2) Granting in Part Motion for Attorneys' Fees**

[ECF Nos. 74, 75]

Plaintiff Nevada Property 1, LLC (Cosmopolitan) moves for default judgment and attorneys' fees against defendants Tek Leng Roland Lim and Chee Kong Hiew. ECF Nos. 74, 75.  Lim and Hiew have not appeared in the case or opposed the motions.  I will enter default judgment and grant, in part, the motion for attorneys' fees.

## 1.    Default Judgment

Obtaining a default judgment under Federal Rule of Civil Procedure 55 is a two-step process. *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986).  First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).  After default is entered, a party may seek entry of default judgment under Rule 55(b).

Upon entry of default, I take as true the factual allegations in the non-defaulting party's complaint, except those related to the amount of damages. Fed. R. Civ. P. 8(b)(6); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (quotation omitted).  Nonetheless, "[e]ntry of default does not entitle the non-defaulting party to a default judgment as a matter of right." *Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1071 (C.D. Cal. 2004) (citation omitted).  The "general rule [is] that default judgments are ordinarily disfavored.  Cases should

be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472 (citing *Peno v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985)).  Whether to grant a default judgment lies within the district court's discretion. *Id.*

I consider the following factors in determining whether to grant a default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel*, 782 F.2d at 1471-72.

Cosmopolitan has satisfied the procedural requirements for default judgment as the clerk entered defaults against Lim and Hiew. ECF No. 69.

The first *Eitel* factor considers whether Cosmopolitan will suffer prejudice if a default judgment is not entered. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002); *Next Gaming, LLC v. Glob. Gaming Grp., Inc.*, No. 214-CV-00071-MMD-CWH, 2016 WL 3750651, at *3 (D. Nev. July 13, 2016).  Lim and Hiew have failed to defend the lawsuit.  Cosmopolitan will suffer prejudice if default judgment is not entered as it will have no other means to litigate its claims. *See PepsiCo, Inc.*, 238 F. Supp. 2d at 1177 ("Potential prejudice to Plaintiffs favors granting a default judgment.  If Plaintiffs' motion for default judgment is not granted, Plaintiffs will likely be without other recourse for recovery.").  This factor weighs in favor of entry of default judgment.

The second and third *Eitel* factors favor a default judgment when the "plaintiff state[s] a claim on which the plaintiff may recover." *Danning v. Lavine*, 572 F.2d 1386, 1389 (9th Cir. 1978); *see also* Fed. R. Civ. P. 8.  Cosmopolitan seeks judgment on its claims of breach of

contract, conspiracy, and concert of action.  It has adequately alleged and demonstrated that Hiew and Lim worked together to pass teller's checks to Cosmopolitan that they later planned to (and did) cancel before the checks could be presented for payment.  In exchange for the teller's checks, the Cosmopolitan issued markers to Hiew and Lim, which the defendants have not repaid.  Cosmopolitan has been damaged as a result of the defendants' actions. The second and third *Eitel* factors weigh in favor of entry of default judgment.

In assessing the fourth *Eitel* factor, I consider "the amount of money requested in relation to the seriousness of the defendant's conduct, whether large sums of money are involved, and whether 'the recovery sought is proportional to the harm caused by [the] defendant's conduct.'" *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1212 (W.D. Wash. 2014) (quoting *Landstar Ranger, Inc. v. Earth Enters., Inc.*, 725 F. Supp. 2d 916, 921 (N.D. Cal. 2010)); *PepsiCo.*, *Inc*., 238 F. Supp. 2d at 1176.  Cosmopolitan seeks $95,000 plus interest, which is the amount Hiew and Lim obtained from Cosmopolitan based on the teller's checks.  That amount is directly proportional to the harm Hiew and Lim caused.  The fourth *Eitel* factor favors entry of default judgment.

The fifth *Eitel* factor weighs the possibility of a dispute regarding material facts in the case. *PepsiCo., Inc.*, 238 F. Supp. 2d at 1177.  "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." *Id.* (citation omitted).  Hiew and Lim have not appeared or rebutted any of Cosmopolitan allegations.  Cosmopolitan has presented evidence of the defendants' conspiratorial activities and breaches of their contractual obligations.  There is little likelihood of a dispute regarding these factors, so the fifth *Eitel* factor weighs in favor of entry of default judgment.

The sixth *Eitel* factor considers whether the defendants' default is due to excusable neglect. *PepsiCo., Inc.*, 238 F. Supp. 2d at 1177.  There is no evidence before me that Hiew and Lim's failure to respond is due to excusable neglect. *See United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (per curiam) (holding that it was "perfectly appropriate" for the district court to enter default judgment against a corporation that failed to appear in the action).  Thus, the sixth *Eitel* factor weighs in favor of entry of default judgment.

Finally, the seventh *Eitel* factor considers the policy favoring a decision on the merits. "Cases should be decided on their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. But Hiew and Lim's failure to respond to the complaint "makes a decision on the merits impractical, if not impossible." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177.  Thus, while this final *Eitel* factor always weighs against an entry of default judgment, it does not preclude me from entering a default judgment.  A decision on the merits is desirable, but under these circumstances, default judgment is warranted.

Cosmopolitan is entitled to default judgment against Hiew in the amount of $40,000 and against Lim in the amount of $55,000 for their respective breaches of contract.  Because Hiew and Lim conspired and acted in concert to damage Cosmopolitan in the total amount of $95,000, plus interest, attorneys' fees, and collection costs, Cosmopolitan is entitled to recover that amount against Hiew and Lim, jointly and severally.  Because Cosmopolitan is entitled to only one recovery, the total amount of the judgment on all claims will be $95,000, plus interest, attorneys' fees, and collection costs.

**2.    Attorneys' Fees**

Cosmopolitan seeks $29,157 in attorneys' fees incurred in collecting on the markers that it issued to Hiew and Lim in exchange for the teller's checks. ECF No. 75.  Under the markers,

Hiew and Lim agreed to "pay all costs of collection, including accrued interest at the rate of 18% per annum, attorney's fees and court costs." ECF Nos. 75-5, 75-9.

Reasonable attorneys' fees are based on the "lodestar" calculation set forth in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). *See also Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000) (applying *Hensley*).  I must first determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *Hensley*, 461 U.S. at 433.  Next, I must decide whether to adjust the lodestar calculation based on an evaluation of the factors articulated in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), which have not been subsumed in the lodestar calculation. *See Fischer*, 214 F.3d at 1119 (citation omitted).  The *Kerr* factors are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr*, 526 F.2d at 70.  Once calculated, the lodestar is presumptively reasonable. *See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. 711, 728 (1987).  Only in "rare and exceptional cases" should a court adjust the lodestar figure. *Van Gerwen v. Guar. Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (internal quotations omitted). *See also Fischer*, 214 F.3d at 1119 n. 4 (stating that the lodestar figure should be adjusted only in rare and exceptional cases).

I have reviewed the declarations and other materials submitted in connection with Cosmopolitan's fee request.  The rates are reasonable and within the prevailing rates for the Las

Vegas legal market.  The lawyers spent a reasonable amount of time working on the issues.  The lodestar amount is $29,157.  I see no reason to adjust that based on the *Kerr* factors. Cosmopolitan's request for attorneys' fees is therefore granted in the amount of $29,157.

### 3.   Costs

Cosmopolitan seeks $4,083.44 in costs it incurred to file this lawsuit and serve it upon Hiew and Lim.  Although it cites to Nevada Revised Statutes § 18.005, recovery of costs in this federal case is governed by the federal statutes and rules.

Federal Rule of Civil Procedure 54(d) contains two separate provisions for recovery of costs.  Taxable costs are taxed by the clerk rather than the judge, based on a bill of costs. Fed. R. Civ. P. 54(d)(1); *see also* LR 54-1.  The categories of taxable costs are circumscribed by 28 U.S.C. § 1920. *See also* LR 54-1.  Filing fees and service of process fees are taxable costs.  By contrast, nontaxable costs may be recoverable along with attorney's fees on a motion to the judge. Fed. R. Civ. P. 54(d)(2) ("claim for attorney's fees and related nontaxable expenses"); *see also* LR 54-14(a)(2) (a motion for attorney's fees must include "[a]n itemization of all costs sought to be charged as part of the fee award and not otherwise taxable pursuant to LR 54-1 through 54-13").  Copy and PACER expenses are examples of nontaxable costs.

Cosmopolitan's request for taxable costs for filing fees and service of process expenses are properly recovered through a bill of costs filed with the clerk under Local Rule 54-1, not by way of its motion.  I therefore deny Cosmopolitan's motion for reimbursement of those costs.

### 4.   Interest

The markers Cosmopolitan issued to Hiew and Lim allow for recovery of 18% interest per annum.  Cosmopolitan requests prejudgment interest in the amount of $46.85 per day, for the period March 3, 2018 to the entry of judgment. ECF No. 75 at 17.  As of September 21, 2020,

the amount of prejudgment interest totals $43,711.05 ($46.85 x 933 days).  I will award

Cosmopolitan that amount.  Post-judgment interest is governed by statute.

### 5.      Conclusion

I THEREFORE ORDER that plaintiff Nevada Property 1, LLC's motion for default

judgment **(ECF No. 74) is granted,** and its motion for attorneys' fees **(ECF No. 75) is granted**

**in part.**  The clerk of the court shall enter judgment in favor of Nevada Property 1, LLC and

against defendants Tek Leng Roland Lim and Chee Kong Hiew, jointly and severally, in the

amount of $95,000, plus attorneys' fees of $29,157, and prejudgment interest of $43,711.05, for

a total judgment amount of $167,868.05.

I FURTHER ORDER that Nevada Property 1, LLC's remaining claims in the

complaint—specifically, the fifth and sixth claims for relief (intentional interference with

contractual relations), seventh and eighth claims for relief (unjust enrichment), tenth and

eleventh claims for relief (breach of warranty), and fifteenth and sixteenth claims for relief

(intentional misrepresentation)—are dismissed without prejudice.  The clerk of court is

instructed to close this case.

DATED this 21st day of September, 2020.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE